IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 3 0 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SORT-RITE INTERNATIONAL, INC., | § § § § | |
| Plaintiff, | | |
| v. | § § | CIVIL ACTION NO. B-06-021 |
| LEDA INTERNATIONAL PTY., LTD., RICHARD MATTHEWS AND DAVID MATTHEWS, | § § § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on August _24_, 2006, the Court **DENIED** the parties' Agreed Motion for Leave for Extension of Mediation Deadline and **DENIED** the parties' Amended Agreed Motion for Leave for Extension of Mediation Deadline. Dkt. Nos. 8, 10.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, No. 3-04-CV-2125-M, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. August 16, 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., No. 03-CV-920A(F), 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. May 31, 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline. Furthermore, "considerations of judicial economy and the client's interest in avoiding expenses for potentially unnecessary motion practice" do not constitute good cause for extending pre-trial deadlines. *Jones*, 2005 U.S. Dist. LEXIS at *4, *5.

In this case, the parties appear to present two possible bases for amending the scheduling order.[1] First, the parties assert that an extension of the deadline for mediating this case is necessary "[a]s a result of the Parties [sic] attempt to continue settlement negotiations without incurring the time and expense associated with mediation." Dkt. No. 10, at 1. Second, the parties appear to believe that the fact that they have agreed to an extension provides a basis for granting their request. *Id.* The Court finds that neither possible basis establishes the requisite good cause.

As to the parties' first argument, that an extension is necessary because they continued settlement negotiations without mediation in an effort to avoid the costs associated with mediation, the Court find it fails to establish good cause for an amendment to the scheduling order. *Id.* Unfortunately, the possibility of settlement does not provide a basis for amending a scheduling order. *See Jones*, 2005 U.S. Dist. LEXIS at *4, *5. Furthermore, considerations of judicial economy and clients' interests in avoiding expenses do not amount to good cause. *Id.* Thus, this Court finds that the possibility that the parties might resolve some of the issues and the attendant decreased costs to the parties, although laudable goals which the Court seeks to encourage, do not provide a basis for granting the parties' motions.

---

[1]The parties have presented two motions for extension to the Court. Dkt. Nos. 8, 10. These motions are substantially identical, with the only difference being the requested length of the extension. *Compare* Dkt. No. 8 (seeking an extension to September 8, 2006), *with* Dkt. No. 10 (seeking extension to September 29, 2006). Therefore, the Court will consider the two motions together.

Second, the parties appear to rely on the fact that they have agreed to this extension as a grounds for granting the motions. Dkt. No. 28, at 2. Stipulations between the parties, however, do not provide a basis for amending a scheduling order. See Parisi, 164 F.R.D. at 621. Additionally, as noted above, the absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones, 2005 U.S. Dist. LEXIS at *4. Thus, this basis also does not establish good cause, and it therefore cannot provide this Court with authority to grant the motion.

Based on the foregoing, the Court **DENIES** the parties' Agreed Motion for Leave for Extension of Mediation Deadline and **DENIES** the parties' Amended Agreed Motion for Leave for Extension of Mediation Deadline. Dkt. Nos. 8, 10.

DONE at Brownsville, Texas, this ⁢⁢th day of August, 2006.

Hilda G. Tagle
United States District Judge